UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLORIA CAVALUZZI *et al.*,

                                        Plaintiffs,

                        -v-

COUNTY OF SULLIVAN,

                                        Defendant.

---

23 Civ. 11067 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 23, 2025, at a pretrial conference, the Court set a deadline of January 30, 2025, for any motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by the defendant County of Sullivan ("the County"). *See* Dkt. 72 (order memorializing conference rulings). The Court also gave the County, based on its claim that the State of New York is a necessary party, a one-week deadline to join the State of New York. *See id.*

On January 29, 2025, the County filed a new motion to dismiss, pursuing dismissal on multiple grounds. *See* Dkt. 75; *see also* Dkt. 75-8 ("D. Mem."). Two aspects of the motion are properly brought. These are (1) the motion to dismiss on the grounds that plaintiffs' lawsuit presents a political question, a motion the Court understands to be made under Rule 12(b)(1), *see* D. Mem. at 3–9; and (2) the motion to dismiss for failure to join an indispensable party, under Rule 19, *see id.* at 15–18, a motion the Court views as embraced by its order of January 23.

Two aspects of the County's motion, however, are improper. These are (1) the motion to dismiss for failure to state a claim under Rule 12(b)(6), *see* D. Mem. at 9–14; and (2) the motion to dismiss based on the statute of limitations, *see id.* at 18–19, which the Court understands also

to be made under Rule 12(b)(6). The Court did not authorize the County to make either such motion. On the contrary, the County had previously moved to dismiss under Rule 12(b)(6), based on the statute of limitations, *see* Dkt. 27, but the Court, in a decision issued on December 27, 2024, denied that motion, without prejudice to the County's right to move anew for such relief after discovery. *See* Dkt. 53 at 20–21. The Court did not authorize, and would not have authorized the County, having already moved under Rule 12(b)(6), to move again under that rule. The Court's authorization of motions under Rules 12(b)(1) and 19 are distinct, insofar as these challenge, respectively, the Court's jurisdiction and capacity to hear this case.

The Court accordingly *sua sponte* denies the County's motions under Rule 12(b)(6). There is no need for plaintiffs to respond to these motions. This ruling is without prejudice to the County's right, at summary judgment following full discovery, to move against plaintiffs' claims on these or other grounds.

The County separately seeks leave to file a reply. *See* Dkt. 75. The Court denies such leave. Following plaintiffs' opposition, the Court will determine whether to commission and authorize a reply.

SO ORDERED.

Paul A. Engelmayer

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 30, 2025
       New York, New York

2