UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA CAVALUZZI *et al.*,

Plaintiffs,

-v-

COUNTY OF SULLIVAN,

Defendant.

23 Civ. 11067 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves plaintiffs' motion for reconsideration of the Court's March 6, 2026 decision resolving cross-motions for summary judgment in this case. *Cavaluzzi v. Cnty. of Sullivan*, 825 F. Supp. 3d 279 (S.D.N.Y. 2026). The Court there granted summary judgment in favor of 15 of the 23 plaintiffs on their § 1983 claims alleging violations of the Constitution's Takings Clause. *Id.* at 285. The Court, however, granted summary judgment to defendant Sullivan County (the "County") on the claims of the remaining eight plaintiffs, finding their claims untimely. *Id.* In moving for reconsideration of the latter ruling, plaintiffs ask the Court to revisit its analysis in light of: (1) a March 19, 2026 decision from the Northern District of New York, involving similar takings claims by other New York State taxpayers; and (2) the equitable tolling doctrine articulated in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"). For the following reasons, the Court denies plaintiffs' motion in full.

## I. Background

### A. Nature of Plaintiffs' Taking Claims

The Court assumes familiarity with this case. In brief, plaintiffs are current or former property owners in the County. *Cavaluzzi*, 825 F. Supp. 3d at 288. They commenced this action following the decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), in which the Supreme

Court held that a county violates the Takings Clause where, after foreclosing on and selling a taxpayer's real property in order to extinguish her tax debt, it keeps for itself the excess proceeds of such sale. *Cavaluzzi*, 825 F. Supp. 3d at 284–85. In claims brought under 42 U.S.C. § 1983, plaintiffs contended that the County had likewise violated the Takings Clause when it retained the proceeds of tax foreclosure sales that exceeded the amount needed to pay their outstanding property taxes, interest, and penalties. *Id*. Based on the same conduct, plaintiffs also asserted violations of the Eighth Amendment's Excessive Fines Clause and unjust enrichment under New York state law. *Id*.

Plaintiffs' claims arose from a hole in New York's post-*Tyler* fix to its statutory scheme governing tax foreclosures. In amending Article 11 of its Real Property Tax Law ("RPTL") after *Tyler* to recognize "an unconditional claim for surplus equity," and thus give property owners an administrative means to obtain just compensation, New York's statute extended such relief to persons whose properties had been sold "on or after May 25, 2023," the day *Tyler* was decided. *Id*. at 287 (quoting L 2024, ch 55, pt BB, § 19). But this amendment did not afford relief to persons whose properties had been sold before that date, except where the taxpayer had timely initiated a proceeding under Article 78 of the New York Civil Practice Law and Rules to compel the "tax district to distribute such surplus," and where this proceeding remained pending as of April 20, 2024, the effective date of the RPTL amendment. *Id*. at 287–88 (cleaned up). Plaintiffs were ineligible for relief under the RPTL amendment, because, although their properties had been sold before the *Tyler* decision—specifically, between February 20, 2019, and March 22, 2023—they had not initiated an Article 78 proceeding as of April 20, 2024. *Id*. at 288–89. As a result, on December 27, 2024, the Court denied the County's motion to dismiss based on the RPTL amendment. *Cavaluzzi v. Cnty. of Sullivan*, No. 23 Civ. 11067 (PAE), 2024

WL 5238644, at *4 (S.D.N.Y. Dec. 27, 2024). It held that, because that amendment left a remedial gap, plaintiffs could pursue relief for Takings Clause violations under § 1983. *Id.* On May 8, 2025, the Court denied the County's second motion to dismiss, which raised two additional arguments—that plaintiffs' claims presented a nonjusticiable political question and that plaintiffs had failed to join New York State, which, the County contended, was a necessary party. *Cavaluzzi v. Cnty. of Sullivan*, No. 23 Civ. 11067 (PAE), 2025 WL 1347142, at *1 (S.D.N.Y. May 8, 2025).

**B. The Summary Judgment Decision**

On March 6, 2026, after discovery, and based on a factual record that was not materially in dispute, the Court granted summary judgment in favor of 15 of the 23 remaining plaintiffs on their § 1983 claims based on the Takings Clause (the "Takings Claims"). *Cavaluzzi*, 825 F. Supp. 3d at 285. The Court, however, granted summary judgment in favor of the County on the Takings Claims of the remaining eight plaintiffs, finding these untimely, having been filed outside the three-year limitations period that all parties agreed applied.[1] *Id.* On summary judgment, plaintiffs had conceded that the Takings Claims of these eight plaintiffs were untimely. *Id.* at 299–305.

The Court's analysis as to timeliness had two principal components. First, the Court determined the accrual date of each plaintiff's claims. *Id.* at 299–302. Consistent with *Sikorsky v. City of Newburgh*, 136 F.4th 56, 61 (2d Cir. 2025), the Court held that plaintiffs' claims

[1] The Court did not reach, and instead dismissed without prejudice, the § 1983 claims of these 15 plaintiffs based on the Excessive Fines Clause, finding that, to the extent such claims were cognizable, any relief plaintiffs could obtain on these claims would be coextensive with that on the Takings Claims. *Cavaluzzi*, 825 F. Supp. 3d at 284–85. As to the eight remaining plaintiffs, the Court granted the County's summary judgment motion on their Excessive Fines Clause claims, finding these untimely. *Id.* The Court granted the County's summary judgment motion on all plaintiffs' unjust enrichment claims, holding that, as a matter of law, these claims were duplicative of the Takings Claims. *Id.*

accrued on the date when the County retained the foreclosure surplus from the sale of their properties. *Id.* at 300–02. On the evidence developed, the Court found that the claim accrued when the Third-Party Deed was issued, recording the property's transfer from the County to a third-party purchaser. *Id*. at 301–02. Second, the Court resolved whether, as plaintiffs claimed, tolling was available to them under Executive Order 202.8 (the "Order"), a civil-litigation tolling order issued by New York's then-Governor Cuomo on March 20, 2020, early in the COVID-19 pandemic. *Id*. at 302–04. That order suspended the deadline to commence legal actions from March 20 to November 3, 2020, and suspended the running of the limitations period during that 228-day period. *Id.* at 303–04. The Court held that the limitations period as to each plaintiff was tolled to the extent a claim accrued before or during the pendency of the Executive Order, and was tolled by the lesser of 228 days or the period between the claim's accrual date and November 3, respectively. *Id*. at 304. The Court rejected the County's claim that the Order categorically did not apply, explaining:

> It is no response to argue, as does the County, that, as of 2020, *Tyler* had not issued. Although property owners were surely less sensitized then to the viability of a Takings-Clause-based § 1983 claim, such claims were available to them, as they had been to Geraldine Tyler, who began the successful action to reclaim her foreclosure surplus in 2020. *Tyler v. Hennepin County*, No. 20 Civ. 889 (D. Minn. April 7, 2020), Dkt. 1. To the extent a claim by a plaintiff here accrued before the Executive Order, that plaintiff, under the Order's text, was entitled to the tolling of the 228-day period between March 20 and November 3, 2020. And to the extent a claim by a plaintiff here accrued during the pendency of the Executive Order, a property owner in the County, under the Order's text, would have been entitled to the tolling of the period between the accrual date and November 3, 2020

*Id*.

The Court, however, found that the Order did not ultimately salvage the claim of any of the eight plaintiffs whose accrual dates preceded December 5, 2023, the date when this action was filed. *Id*. As to four, whose claims accrued after the tolling period concluded, the Order necessarily did not have any bearing. And as to the remaining four, whose claims accrued even

earlier—in July 2019—even excluding the 228 days in 2020 covered by the Executive Order, the three-year limitations period for each of these plaintiffs had ended in March 2023, some nine months before this suit commenced. *Id*.

### C. Plaintiffs' Motion for Reconsideration

On March 23, 2026, the eight plaintiffs whose claims the Court had held untimely moved for reconsideration under Federal Rule of Civil Procedure 60(b). Dkt. 138 ("Mem."). They urged the Court to adopt the approach taken two weeks after this Court's summary judgment decision by Judge Scullin of the Northern District of New York, in which he held, in the course of resolving motions to dismiss, that the statute of limitations for takings claims alleging the retention of foreclosure surpluses had been equitably tolled through the date (March 25, 2023) of the *Tyler* decision. *See Merckx v. Rensselaer County*, No. 23 Civ. 1354, 2026 WL 775945 (N.D.N.Y. Mar. 19, 2026).[2] Were that approach used, the eight plaintiffs argued, their claims were timely. Separately, four of the eight plaintiffs argued that their claims were saved by the doctrine of *American Pipe*, which equitably tolls the claims of absent class members while a class action is pending. They argued that, because *Merckx* was brought as a putative class action

[2] In *Merckx*, a group of current and former property owners in Rennselaer County, Cattaraugus County, and the City of Port Jarvis commenced a putative class action on October 30, 2023, bringing § 1983 Takings Clause claims based on *Tyler*. No. 23 Civ. 1354, Dkt. 1. On January 17, 2024, defendants moved to dismiss. Dkts. 62–67. On March 8, 2024, plaintiffs filed an amended complaint, adding the City of Buffalo as a defendant. Dkt. 75. On May 31, 2024, defendants renewed their motions to dismiss. Dkts. 93–95, 121. On October 8, 2024, Magistrate Judge Mitchell Katz *sua sponte* merged *Merckx* with 26 related cases—23 Civ. 1311, 23 Civ. 1539, 23 Civ. 1574, 23 Civ. 1615, 23 Civ. 1649, 24 Civ. 259, 24 Civ. 280, 24 Civ. 281, 24 Civ. 314, 24 Civ. 327, 24 Civ. 328, 23 Civ. 1585, 24 Civ. 9, 24 Civ. 258, 23 Civ. 1603, 24 Civ. 15, 24 Civ. 289, 24 Civ. 594, 24 Civ. 742, 23 Civ. 1587, 24 Civ. 287, 24 Civ. 868, 24 Civ. 902, 23 Civ. 1524, 23 Civ. 1606, and 24 Civ. 257. Dkt. 126. None of these actions named Sullivan County as a defendant. On March 19, 2026, Judge Scullin, in resolving the pending motions to dismiss, dismissed two named plaintiffs for lack of capacity to sue and dismissed the remaining plaintiffs' state claims, but sustained their § 1983 claims. No. 23 Civ. 1354, Dkt. 75 at 38–39.

which ostensibly encompassed the claims of Sullivan County taxpayers, the limitations period for them was likewise tolled until *Tyler*. On April 10, 2026, the County filed its opposition, attaching a memorandum of law, Dkt. 143 ("Opp'n"), and exhibits, Dkt. 140 ("Bullard Aff."), as support. On April 17, 2026, plaintiffs replied. Dkt. 142 ("Reply").

## II. Applicable Legal Standards

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Put differently, the purpose is not "[to] reargue those issues already considered when a party does not like the way the original motion was resolved." *S.E.C. v. Neto*, 27 F. Supp. 3d 434, 439 (S.D.N.Y. 2014) (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011)). Reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

## III. Discussion

In urging reconsideration, plaintiffs make two arguments. First, they argue, the Court should follow *Merckx* and find the limitations period on their Takings Claims to have been equitably tolled until *Tyler*, such that all eight plaintiffs' § 1983 claims are timely. Mem. at 2–6.

Second, they argue, the Court should hold that the equitable tolling doctrine of *American Pipe* applies and salvages the claims of four of these plaintiffs. *Id*. at 6–10.

### A. Equitable Tolling as Recognized in *Merckx*

In pursuing reconsideration, plaintiffs seize on Judge Scullin's decision in *Merckx*, in which he held that the Takings Clause claims there had been equitably tolled until the date of the decision in *Tyler*. *See Merckx*, 2026 WL 775945, at *7–10. Plaintiffs' argument, which would salvage the claims of all eight plaintiffs whose claims the Court dismissed, was first made on reconsideration. In their summary judgment brief, plaintiffs had conceded that the § 1983 Takings Clause claims of four of these plaintiffs were untimely. *Compare* Mem. at 2–6, *with* Dkt. 112-1 ("Pls.' SJ Mem.") at 24–25 ("Plaintiff Cavaluzzi's § 1983 claim is untimely"; "Plaintiff Seekamp's § 1983 claim is untimely"; "Plaintiffs Needleman's § 1983 claim is untimely").

For several reasons, plaintiffs' arguments for reconsideration fall short of the "strict" standard required to grant such motions. *Shrader*, 70 F.3d at 257. Plaintiffs do not identify any "data the [C]ourt overlooked," *id*., or a "*controlling* decision" that might "reasonably expected to alter the conclusion reached by the [C]ourt." *Id*. (emphasis added). And even if *Merck* were controlling law, the facts here would not make out the "rare and exceptional circumstances" justifying equitable tolling of a § 1983 claim. *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023).

First, under Federal Rule of Civil Procedure 60(b), reconsideration is not merited "unless the moving party can point to . . . data that the court overlooked." *Analytical Surveys, Inc.*, 684 F.3d at 52 (quoting *Shrader*, 70 F.3d at 257); *see also Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012) (summary order) (denying motion for reconsideration where plaintiff did not identify "data th[e court] overlooked" in suit against U.S. Postal Service);

*Montague v. City of Rochester*, 2022 WL 16558154, at *1 (2d Cir. Nov. 1, 2022) (summary order) (rejecting motion for reconsideration that "merely reprised arguments already considered and rejected"). Plaintiffs do not point to any overlooked facts or data. *See* Mem. at 4–6; Opp'n. at 6. They do not argue that the Court errantly identified the date on which any plaintiff's claim accrued, overlooked data bearing on the tolling analysis, or ignored other evidence relevant to the timeliness of plaintiffs' claims. Indeed, plaintiffs have not identified *any* argument or evidence that the Court's summary judgment decision overlooked, let alone any that would reasonably be expected to "alter the conclusion reached by the [C]ourt." *Shrader*, 70 F.3d at 257.

Second, in relying on *Merckx*, plaintiffs have not identified an "intervening change of *controlling* law." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (emphasis added) (cleaned up). Since this Court's summary judgment decision, there has been no change in binding legal authority, *i.e.*, a decision of either the Supreme Court or the Second Circuit. *See id.* (identifying an intervening change in controlling law as a basis for reconsideration). There has not been a contrary decision from any federal circuit court. And the decision of another district court, let alone one from a different district, does not bind this Court. *See Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268, 2013 WL 3185560, at *4 (S.D.N.Y. June 24, 2013); *Charles v. Capra*, No. 21 Civ. 1669, 2022 WL 3587859, at *3 n.5 (S.D.N.Y. Aug. 22, 2022) ("a decision by another district judge would not bind this Court"). Plaintiffs thus have not identified a decision that—had it issued before the Court's summary judgment decision—might reasonably be expected to cause the Court to reach a different outcome. *See Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmertrade Holding Corp.*, No. 13 Civ. 6759, 2015 WL 4750763, at *4 (S.D.N.Y. Aug. 11, 2015) (denying motion

for reconsideration where plaintiff pointed to five non-controlling decisions: one from an in-circuit district court and four from out-of-circuit district courts); *360 Mortg. Grp., LLC v. Fortress Inv. Grp. LLC*, No. 19 Civ. 8760, 2022 WL 4086829, at *1 (S.D.N.Y. Sept. 6, 2022) (denying motion for reconsideration where moving party did not identify a change of controlling law); *Jimenez v. City of New York*, 166 F. Supp. 3d 426, 428–30 (S.D.N.Y. 2016) (same).[3] Moreover, *Merckx* itself is differently postured, resolving those plaintiffs' claims at the motion to dismiss phase, rather than, as in the case of plaintiffs here, at summary judgment. *See Alvarado Balderramo v. Taxi Tours Inc.*, No. 15 Civ. 2181, 2017 WL 2533508, at *5 (S.D.N.Y. June 9, 2017) (noting that courts in this Circuit have often declined to rule on equitable tolling because the "factual record is typically limited").

Third, with all respect to Judge Scullin's analysis in *Merckx*, this Court does not find the plaintiffs in this case to have made the showing required to support equitable tolling. *Merckx* itself summarized the governing standards:

> In "rare and exceptional circumstances," . . . the statute of limitations governing a § 1983 claim may be subject to equitable tolling, "where necessary to prevent unfairness to a plaintiff who is not at fault for [their] lateness in filing." *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023) (quotation and footnote omitted). To plausibly allege equitable tolling, "'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way.'" *Id.* (quotation omitted). "The law *prohibits* a judge from exercising [their] discretion where these two elements are missing. If they are found to be present, however, then a judge brings discretionary considerations to bear in deciding whether to permit equitable tolling."

[3] Even *Merckx* remains non-final. Plaintiffs' motion for reconsideration there is pending, No. 23 Civ. 1354, Dkt. 218, and the case has not proceeded to summary judgment. *See M.R. v. New York City Dep't of Educ.*, No. 21 Civ. 5503, 2022 WL 16575767, at *2 (S.D.N.Y. Oct. 31, 2022).

*Merckx*, 2026 WL 775945, at *8 (emphasis added); *see also Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (equitable tolling applies where "extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll" (internal quotation marks and alterations omitted)).

The eight plaintiffs whose claims are at issue here have not satisfied either of the threshold requirements identified by the Second Circuit. As to the diligent pursuit of their claims, as this Court observed in denying summary judgment, there was no barrier to plaintiffs' ability, before *Tyler*, to pursue § 1983 claims based on the Takings Clause. There was no authority, from the Supreme Court or the Second Circuit, barring such claims. Plaintiffs were materially in the same position as Geraldine Tyler, who took the initiative, to file the action that resulted in the Supreme Court's recognition of a Takings Clause violation. *See Cavaluzzi*, 825 F. Supp. 3d. at 304. And even after the Supreme Court granted *certiorari* in *Tyler*, these eight plaintiffs were inert. They did not file suit. Nor have any of them pointed to any other action they took (including in state court) to demonstrate diligent pursuit of their claims. Further, after *Tyler* issued, these plaintiffs waited more than seven months to bring their initial complaint in this action, nearly twice the time it took for the *Merckx* plaintiffs, *see* 2026 WL 775945, at * 8 (tolling plaintiffs' claims for four months); *cf. Stensrud v. Rochester Genesee Reg'l Transportation Auth.*, 507 F. Supp. 3d 444, 453–54 (W.D.N.Y. 2020) (equitably tolling plaintiffs' claims where "[p]laintiffs filed the instant lawsuit approximately three months" after Supreme Court decision that "materially changed the ripeness of their claim"). And the plaintiffs here have not pointed to any circumstance, extraordinary or even quotidian, that inhibited them from acting more expeditiously. The Court is thus unpersuaded that plaintiffs' circumstances are

the "rare and exceptional" ones in which equitable tolling of a § 1983 claim is merited. *Clark*, 89 F.4th at 92.

**B. Equitable Tolling as Recognized in *American Pipe***

Plaintiffs separately argue that the equitable tolling doctrine recognized by the Supreme Court in *American Pipe* should be applied to salvage the claims of four of the eight plaintiffs. Mem at 7. They contend that these four plaintiffs are within the putative plaintiff class pled in *Merckx*, and they contend that Sullivan County was a member of the "proposed" defendant class. *Id*. at 7–8. The County opposes. Opp'n at 7–9. It notes that plaintiffs did not make any tolling argument based on *American Pipe* or *Merckx* during summary judgment litigation, and that it was not a manifest injustice for the Court not to toll their claims, *sua sponte*, on this ground. *Id.* at 7 n.4 (citing *Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001)). The County further argues that the doctrine does not apply because *Merckx* applied only to claims in distinct counties in New York State, and these did not include Sullivan County, which was not a named defendant in the *Merckx* action. *Id*. at 8–9.

For multiple reasons, plaintiffs' argument based on *American Pipe* is unpersuasive.

For one, *American Pipe* tolling aims to protect the rights of an absent class member who, in lieu of filing an individual action, may depend on a pending putative class action as the means to vindicate his or her rights. That doctrine, and that logic, does not apply to an independent filer—a plaintiff who, before the resolution of a class certification motion, elects instead to bring and actively litigate his or her own claims in a separate action. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2003 WL 22790942, at *4 (S.D.N.Y. Nov. 25, 2003) ("The plaintiffs who file individual actions cannot take advantage of the tolling doctrine known as *American Pipe* tolling" (cleaned up)); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54

(1983) (*American Pipe* tolling applies only to persons who file separate lawsuits *after* class certification is denied); *In re UiPath, Inc Sec. Litig.*, 755 F. Supp. 3d 498, 516 (S.D.N.Y. 2024) (same). That is fatal to the *American Pipe* arguments of the four plaintiffs at issue here. Each independently joined this lawsuit and even moved for summary judgment in their favor. Such plaintiffs by definition cannot claim to be looking to the putative class action to vindicate their rights to relief for Takings Clause violations. And the contrary result would effectively give the four plaintiffs the two proverbial bites at the apple, enabling them to pursue alternative relief in this action, where they have lost, and in the still pending *Merckx* case.

Second, during the pendency of this action, in which the timeliness of plaintiffs' claims was at all times a central issue, plaintiffs never invoked *American Pipe* tolling, or sought to gain any benefit from the pendency putative class action in *Merckx*. On the contrary, in the pre-motion conference the Court in this case held in advance of summary judgment briefing, plaintiffs affirmatively disclaimed any tolling argument. The Court asked whether counsel intended to make any tolling-related argument and plaintiffs said no:

> THE COURT: Sometimes in limitations cases, the argument is made that there is something that occurred that tolls the statute of limitation, that suspends it from running in midstream, if you will. I have not read anywhere any suggestion that there's anything like that here. Am I correct that that's not an argument you intend to make?
>
> [PLAINTIFFS' COUNSEL]: Correct. We don't have a tolling argument that we've identified.

May 27, 2027 Transcript at 15.

Notwithstanding this denial, plaintiffs thereafter made numerous tolling-related arguments in their summary judgment briefing, such as under Governor Cuomo's Executive Order 202.8. *See e.g.*, Pls' SJ Mem. at 21–25; Dkt. 113 at 4–5; *Cavaluzzi*, 825 F. Supp. 3d at 302–03. Plaintiffs did not, however, make any tolling argument based on *American Pipe* or *Merckx*.

In these circumstances, the four plaintiffs waived any right to pursue *American Pipe* tolling based on *Merckx*. A party's "strategic" decision that is "evidenced not merely by silence but by a negative response on the record to a district court invitation to voice objection, does more than forfeit the unraised objection; it waives it." *United States v. Romano*, 794 F.3d 317, 334 (2d Cir. 2015) (citing *United States v. Agrawal,* 726 F.3d 235, 259 (2d Cir. 2013)). And a party who fails to claim the equitable tolling of the statute of limitations until a late-day motion such as for reconsideration is generally, and rightly, found to have waived such an argument. *Arroyo v. WestLB Admin., Inc.*, 213 F.3d 625 (2d Cir. 2000); *Rosenwasser v. Fordham Univ.*, 772 F. App'x 1, 3 (2d Cir. 2019) (summary order) (same); *Locke v. Lance Investigation Serv., Inc.*, No. 03 Civ. 10330, 2005 WL 464590, at *1 (S.D.N.Y. Feb. 28, 2005) (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014) (plaintiffs' request for equitable tolling, made for the first time in a reply brief, not timely).

In any event, even had plaintiffs' ability to invoke *American Pipe* not been undermined by their filing of an independent lawsuit and their waiver before this Court of this bid for relief, *American Pipe* tolling is clearly inapplicable on the merits. There, the Supreme Court held that the filing of a putative class action tolls the running of the limitations period for all persons within the asserted class who, after class certification is denied, timely move to intervene. 414 U.S. at 552–53. To invoke such tolling, however, requires "sufficient commonality" between the later-filed claims and those in the earlier putative class action, so as to avoid "unfair surprise" to the defendants. *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994); *see also Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987) (adequate notice to defendants an essential component of *American Pipe* tolling). A plaintiff cannot invoke such tolling in a suit against a new or different defendant, one not named in the putative class action. *See Cullen v. Margiotta,*

811 F.2d 698, 726 (2d Cir.), *cert. denied,* 483 U.S. 1021 (1987) (class action tolling doctrine is "inapplicable to persons who were not defendants, since commencement of a suit against others is insufficient to give a nondefendant notice of the assertion of claims against him"); *Footbridge Ltd. Tr. v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 624 n.1 (S.D.N.Y. 2011) ("*American Pipe* tolling does not extend to persons not *named* as defendants in the prior class action suit" (emphasis added)); *Soybel v. City of New York*, No. 21 Civ. 1846, 2024 WL 5482682, at *5 (E.D.N.Y. Mar. 15, 2024) (same).

Here, the putative class action in *Merckx* never named Sullivan County as a defendant. (And for good reason: The operative complaint there was filed on March 8, 2024, more than three months after this § 1983 action, by Sullivan County property holder against Sullivan County, was commenced in December 2023). *See Merckx et al v. Rensselaer County et al.*, No. 23 Civ. 1354 (N.D.N.Y Mar. 8, 2024), Dkt. 75 ("*Merckx* Compl."). That action instead named as defendants four other local government entities: Rensselaer County, Cattaraugus County, the City of Port Jervis, and the City of Buffalo. *Merckx*, 2026 WL 775945, at *1–3. And, even after that action was consolidated with 26 other lawsuits bringing similar claims against local government defendants, none of the consolidated actions named Sullivan County as a defendant. *See supra* n.2. Because the County was not a named defendant in *Merckx*, *American Pipe* tolling is unavailable to the plaintiffs in this case. *Soybel*, 2024 WL 5482682, at *5.

Plaintiffs lamely suggest that *Merckx* extends to claims against the County, based on a nebulous statement in the amended complaint that plaintiffs sought to "certify a defendant class of New York local governments who took [the plaintiff class's] property and kept the surplus proceeds." *Merckx* Compl. ¶ 7. But Sullivan County was never named in the caption or text of that (or any) complaint in *Merckx*. And plaintiffs do not claim that Sullivan County was ever

served in that litigation or otherwise treated as a defendant. And no party to that litigation has supported plaintiffs' characterization of it here. Treating Sullivan County as having been, all along, a defendant, *sub silentio*, would be the epitome of unfair surprise to a defendant. *Benfield*, 26 F.3d at 23; *see also Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 143 (2d Cir. 2025) ("equitable tolling has always been based on principles of fairness and equity"), *cert. denied*, 146 S.Ct. 1501 (Jan. 12, 2026); *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (same).

**CONCLUSION**

For the reasons above, plaintiffs fail to make the demanding showing required of a motion for reconsideration. The Court accordingly denies plaintiffs' motion. The Clerk of the Court is respectfully directed to terminate the motion pending at docket 138.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 31, 2026
New York, New York